# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**NEW WESTLAND MARINA, LLC,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-890-Orl-18DAB**

**M/V AQUAMIST II,**

        **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **UNOPPOSED MOTION FOR TAXATION OF COSTS (Doc. No. 22)**
>
> **FILED:** August 25, 2011
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Following default and issuance of a Judgment *in rem*, Plaintiff moves to tax costs of $6,965.47, as presently incurred and projected through September 30, 2011, in accordance with the Bill of Costs filed (Doc. No. 21). As set forth in the motion, these costs represent expenses *in custodia legis*, entitled to the highest priority. As good cause is shown, it is **respectfully recommended** that the Clerk be directed to tax the costs as set forth on the Bill, and the Court **grant** Plaintiff's request for a finding that the cost judgment is a maritime lien of the highest priority, which may be bid at the anticipated auction of the Vessel (along with the original Judgment *In Rem*).

> **MOTION:** **UNOPPOSED MOTION FOR ATTORNEY FEES (Doc. No. 23)**
>
> **FILED:** August 30, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

In addition to costs, the Judgment *in rem* recognizes that Plaintiff is entitled to a reasonable attorney's fee and expenses.[1] In the instant motion, supported by Affidavits and exhibits, Plaintiff moves for entry of the proposed Judgment for Attorney's Fees (Doc. No. 23-7) "in an amount not less than $18,277.56." As set forth herein, while the Court finds Plaintiff is due an award of fees and expenses, it does not agree with the amount of the request. It is therefore **respectfully recommended** that the Court **grant** the motion, **in part**, and enter the proposed Judgment for a total of **$15,069.06** in fees and expenses.

### *Standards of Law*

As recognized by Plaintiff in the motion and supporting memorandum, attorney's fees are calculated under the familiar lodestar approach. The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). Additional factors to be considered in determining a reasonable fee include:

> (1) the time and labor required; (2) the novelty and difficulty of the issues;
> (3) the skill required to perform the legal services properly; (4) preclusion
> of other employment; (5) the customary fee; (6) whether the fee is fixed or
> contingent; (7) time limitations imposed by the client or circumstances; (8)

---

[1] "Expenses" as used here are costs that are necessarily incurred in admiralty actions (such as obtaining an abstract of title) but are not listed among the general items of costs that are set forth in 28 U.S.C. § 1920.

>     the amount involved and the results obtained; (9) the experience, reputation
>     and ability of the attorneys; (10) the undesirability of the case; (11) the
>     nature and length of the professional relationship with the client; and (12)
>     awards in similar cases.

*Norman*, 836 F.2d at 1292 (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rate." *Id.* at 1303. An applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

### *Analysis*

According to the papers, two attorneys performed services in this matter: Carl L. Griffin and Patricia K. Olney. By affidavit (Doc. No. 23-4), Mr. Griffin, an attorney with twenty years experience and a member of the bar of this Court, avers that he performed pre-filing services for Plaintiff regarding the Vessel, including researching title and contacting the Mortgage Holder regarding the unpaid storage charges. Mr. Griffin expended 10.2 hours of billable time, at his hourly rate of $250.00. As a courtesy to Plaintiff, Mr. Griffin avers that he discounted the total fee, "resulting the an attorney's fee of $1,550.00" for his services at the initial stages of this matter (Doc. No. 23-4 at 3).

Ms. Olney is well known to the Court as an experienced attorney with expertise in admiralty matters. In her Affidavit, she avers that she has expended 51.8 hours for maritime counsel services

in this case, with an anticipated 6 additional hours needed to bring the matter to conclusion. She lists rates of $225 hourly for services performed in 2010 and $230 for services in 2011, for a total of $13,284.00 in legal fees for her services under the lodestar. Additionally, Ms. Olney contends that she has entered into an Agreement with Plaintiff that provides her with a "contingency bonus of 25% of the total litigation fees billed." Moreover, Ms. Olney claims expenses in the amount of $235.06. Thus, Ms. Olney calculates the total fees and expenses incurred by Plaintiff in this case as follows:

> **$16,727.56 for Attorney Olney**, i.e., number of billable hours (57.8 hours) times hourly rate ($225.00 per hour during 2010 and $230.00 per hour during 2011) plus non-taxable expenses ($235.06), plus 25% of the total litigation fees billed (3,208.50)
>
> **plus**
>
> **$1,550.00 for Attorney Griffin** i.e., number of billable hours (10.2) times hourly rate ($250.00 per hour) less courtesy discount ($1,000.00)
>
> for a total of **$18,277.56**.

(Doc. No. 23). As additional support for this amount, Plaintiff has filed the Affidavit of Attorney Stephen M. Moon, who states that, in his opinion, a total reasonable fee (exclusive of taxable costs) for the services provided in this matter would be $20,722.56 (Doc. No. 23-6).

Upon review, the Court readily accepts that the hours charged were both necessary and reasonably incurred. It appears from the time sheets that the Mortgage Holder was not responsive to initial attempts to secure its cooperation regarding the Vessel, and that led to a more complicated proceeding than may have been expected considering the abandonment of the Vessel by the Owner. Moreover, the Court has no quarrel with the hourly rates charged by Mr. Griffin and Ms. Olney. As noted, both are well experienced counsel and Ms. Olney (who performed all of the litigation services) has a particular expertise that alone justifies her hourly charges. Thus, the Court finds the lodestar here to be amply supported.

That said, the Court does not find that a 25% premium (or "contingency bonus" as counsel calls it) is properly awardable here. According to counsel:

> . . .the basis of my fee arrangement with WESTLAND MARINA was initially during 2010 an hourly rate of $225.00 per hour for the time expended plus all expenses incurred, to be billed and paid monthly. When the client decided in 2011 to go forward with the in rem foreclosure action despite the prospect that a recorded Preferred Ship Mortgage may intervene and take priority over Plaintiff's unpaid storage charges but in order – at the very least – to regain possession lawfully of its storage space which the Vessel had been occupying without payment, this rate was adjusted at the client's request to a "mixed contingency fee" as set forth in the Representation Agreement attached hereto as Exhibit B. Under the Representation Agreement time is billed at the rate of $230.00 per hour plus all expenses, with ½ of the hours billed and the expenses due upon receipt. The remaining half of the hours billed would then be due when and if the Vessel is sold through Plaintiff, together with a contingency bonus due of 25% of the total legal fees billed.

(Doc. No. 23-1 at 5).

According to counsel, this arrangement "allowed the Marina to proceed with significantly less out of pocket expense and regain productive use of the space occupied by the Vessel without exposing the Marina to liability for conversion of the Vessel." *Id.* at 6. While counsel is free to make whatever arrangements she wishes with her client regarding compensation (within the confines of what is permissible by The Florida Bar), it does not necessarily follow that it is appropriate to shift the burden of that arrangement to others. Here, there is no showing that a contingency fee that provides for the 25% bonus is appropriately taxed to the Vessel. Indeed, the only showing presented is that the arrangement, which was suggested by the client, allowed the client to proceed with less expense and less risk. While the Court sees the advantages of such an arrangement from the Marina's point of view, that alone does not justify imposing the 25% upcharge *on the Vessel*.[2] Simply put, a contingency bonus is not taxable here, simply because counsel and her client agreed to it.[3]

---

[2] Indeed, if such were the case, what is to stop counsel and client from agreeing to a 300% bonus or more?

[3] The Court takes no position on whether the contingency bonus is or is not otherwise enforceable, with respect to the client. The Court notes only that it is not taxable to the Vessel here.

Upon close review and applying the factors set forth above, the Court finds the lodestar to be fair and adequate compensation and recommends same. Thus, the Court **respectfully recommends** that the motion be **granted, in part** and that the proposed judgment (Doc. No. 23-7) be entered in the amount of **$15,069.06** ($13,284.00 for Attorney Olney's fees plus $1,550.00 for Attorney Griffin's fees, plus $235.06 in expenses).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 9, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy